IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-75,352-01






EX PARTE PATTI PERKINS, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 08-07-6690 IN THE 286TH DISTRICT COURT


FROM HOCKLEY COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession of a
controlled substance with intent to deliver and sentenced to twelve years' imprisonment. She did not
appeal her conviction.

 Applicant contends that her trial counsel rendered ineffective assistance because she failed
to investigate Applicant's case, specifically whether Deputy Jose Jesus Quintanilla planted the
controlled substance on Applicant's person. Applicant also contends that the State failed to disclose
that Deputy Quintanilla was being investigated by federal authorities. 

 Applicant has alleged facts that, if true, might entitle her to relief. Strickland v. Washington,
466 U.S. 608 (1984); Brady v. Maryland, 373 U.S. 83 (1963). In these circumstances, additional
facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960),
the trial court is the appropriate forum for findings of fact. The trial court shall order Applicant's trial
counsel to respond to Applicant's claim of ineffective assistance of counsel. The trial court may use
any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d).

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent her at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to what trial counsel investigated and whether
there was evidence suggesting that Deputy Quintanilla planted the controlled substance on
Applicant's person. The trial court shall then make conclusions of law as to whether the performance
of Applicant's trial counsel was deficient and, if so, whether her deficient performance prejudiced
Applicant. The trial court shall also make findings and conclusions as to whether the State violated
Brady v. Maryland, 373 U.S. 83 (1963). The trial court shall also make any other findings and
conclusions that it deems relevant and appropriate to the disposition of Applicant's claims for habeas
corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: March 2, 2011

Do not publish